UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| C.W. Blackstock | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13−cv−02860 |
| | § | |
| Regency Employees Management, LLC | § | |
| | § | |
|    Defendant. | § | |

## ORDER FOR CERTAIN EMPLOYMENT CASES

This court is participating in a Pilot Program for **INITIAL DISCOVERY PROTOCOLS FOR EMPLOYMENT CASES ALLEGING ADVERSE ACTION**, initiated by the Judicial Conference Advisory Committee on the Federal Rules of Civil Procedure (*see* **http://www.fjc.gov/public/pdf.nsf/lookup/discempl.pdf/$file/discempl.pdf**).

The Initial Discovery Protocols will apply to all employment cases pending in this court, filed on or after February 1, 2012, that challenge one or more actions alleged to be adverse, except:

1. class actions;

2. cases in which the allegations involve only the following:

    a. discrimination in hiring;

    b. harassment/hostile work environment;

    c. violations of wage and hour laws under the Fair Labor Standards Act (FLSA);

    d. failure to provide reasonable accommodations under the Americans with Disabilities Act (ADA);

    e. violations of the Family Medical Leave Act (FMLA);

    f. violations of the Employee Retirement Income Security Act (ERISA).

This court has determined that this case falls within the Pilot Program and is subject to the Initial Discovery Protocols. Parties and counsel in the Pilot Program must comply with the Initial Discovery Protocols attached to this order. If any party believes that there is good cause why this case should be exempted from the Initial Discovery Protocols, in whole or in part, that party may raise the issue with the court.

Within 30 days after the defendant's submission of a responsive pleading or motion, the parties must provide to one another the documents and information described in the Initial Discovery Protocols for the relevant time period. This obligation supersedes the parties' obligations to provide initial disclosures under F.R.C.P. 26(a)(l). The parties will use the documents and information exchanged in accordance with the Initial Discovery Protocols to prepare the F.R.C.P. 26(f) discovery plan.

The discovery provided under the Initial Discovery Protocols must comply with the F.R.C.P. obligations to certify and supplement discovery responses, as well as the form of production standards for documents and electronically stored information. As set forth in the Protocols, this Initial Discovery is not subject to objections, except on the grounds set forth in F.R.C.P. 26(b)(2)(B).

If any of the parties think that a protective order should be entered in this case, the part[y/ies] seeking the order should request an order from the court as soon as possible, but no later than 15 days after the defendant's submission of a responsive pleading or motion. A model protective order is attached to this order and contains possible provisions that the court might use in a particular case. If the parties seek a protective order, the part[y/ies] seeking the order are encouraged to submit a proposed order that selects provisions the part[y/ies] believe[s] are appropriate.

SIGNED on October 10, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge